IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VINCENT D. ALLEN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No. 09-938-JJF |
| AARON PRINCE, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Request for Counsel. (D.I. 13.) For the reasons discussed, the Motion will be denied without prejudice.

**I.  BACKGROUND**

Plaintiff Vincent D. Allen, who appears pro se, is an inmate at the Howard R. Young Correctional Center, Wilmington, Delaware. He filed this civil rights action pursuant to 42 U.S.C. § 1983.

**II. DISCUSSION**

Plaintiff requests counsel on the grounds that he should be permitted the same privileges as a paralegal and is indigent and unable to pay for copy costs.  Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district court may seek legal representation by counsel for a plaintiff

---

[1] See Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required, and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion, the Court concludes that this case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted. Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself.  Thus, in these

2

circumstances, the Court will deny without prejudice to renew Plaintiff's Request For Counsel.  (D.I. 13.)

NOW THEREFORE, IT IS THEREFORE ORDERED that Plaintiff's Request For Counsel (D.I. 13) is **DENIED** without prejudice.

July 13, 2010
DATE

UNITED STATES DISTRICT JUDGE