IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VINCENT D. ALLEN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 09-938-LPS |
| AARON PRINCE, et al., | : |
| Defendants. | : |

Vincent D. Allen, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Jennifer Danella Oliva, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Dep. Warden Evans, Lt. Moffett, and Sgt. Hernandez.

**MEMORANDUM OPINION**

May 26, 2011
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff Vincent D. Allen ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He has filed two amended complaints. (D.I. 21, 31) When the initial Complaint was filed, Plaintiff was housed at the Central Violation of Probation Center ("CVOP") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) Following screening of the original Complaint, Plaintiff was allowed to proceed against Defendants Deputy Warden Evans ("Evans"), Lt. Moffett ("Moffett"), and Sgt. Hernandez ("Hernandez") (collectively "Defendants") on equal protection/race discrimination claims. (D.I. 10, 11) Following screening of the Amended Complaints, Plaintiff was allowed to further proceed against Defendants Aaron Prince ("Prince"), Evans, Bruce Williamson ("Williamson"), and Abdull Salaam ("Salaam").[2] (D.I. 29, 30) All other claims and defendants have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(3). Presently before the Court is a Motion to Dismiss filed by Evans, Moffett, and Hernandez. (D.I. 28) Plaintiff did not file a response to the motion. For the reasons that follow, the Court will grant in part and deny in part the Motion to Dismiss.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Following screening of the Amended Complaints, the Motion to Amend (D.I. 25) was subsequently docketed as the Second Amended Complaint. (*See* D.I. 31)

1

## II. BACKGROUND

Plaintiff, who is black, alleges that he was treated differently from white inmates during an investigation of wrongdoing at the institution, during a hearing, and in the imposition of punishment. The Court determined that Plaintiff alleged what appear to be cognizable and non-frivolous equal protection/race discrimination claims against Evans, Moffett, and Hernandez.[3] (D.I. 10 n.4)

Defendants move to dismiss the equal protection/race discrimination claims on the grounds that the claims raised against them in their official capacities are barred by the doctrine of sovereign immunity; the claims fail to state a claim upon which relief may be granted; they are immune from liability under the doctrine of qualified immunity; and Plaintiff failed to timely effectuate service of process.

## III. MOTION TO DISMISS

### A. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." "In deciding a motion to dismiss all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[3]Plaintiff's allegations are fully discussed in two Memorandum Opinions found at docket item 10 and docket item 29.

550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* __U.S. __, 129 S.Ct. 1937, 1949 (2009). A plaintiff is required, by Fed. R. Civ. P. 8(a)(2), to provide the "grounds of his entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citation and quotation marks omitted). Because Plaintiff proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**B.     Eleventh Amendment Immunity**

Defendants move for dismissal of the claims raised against them in their official capacities. It is not clear from Plaintiff's pleadings if he sues Defendants in their individual or official capacities.

The Eleventh Amendment guarantees that non-consenting states may not be sued by private individuals in federal court unless Congress abrogates the states' immunity pursuant to a valid exercise of its power. *See Board of Trustees of the Univ. of Al. v. Garrett,* 531 U.S. 356, 363 (2001). State officials acting in their official capacities have the same Eleventh Amendment immunity from damage suits as the state itself. *See Hafer v. Melo,* 502 U.S. 21, 30 (1991). Hence, Evans, Moffett, and Hernandez, while acting in their official capacities, are immune from suit under the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 268 (1997); *Ali v. Howard,* 353 F. App'x 667, 672 (3d Cir. Nov. 16, 2009) (not published).

To the extent that Plaintiff sues Defendants in their official capacities, the Motion to

Dismiss is well-taken. Therefore, the Court will grant the Motion to Dismiss the claims against Defendants in their official capacities.

### C. Failure to State a Claim

Defendants argue that it is clear from the face of Plaintiff's Complaint that he has failed to state a claim against Evans. Defendants state, "for reasons not evident" in the Court's June 21, 2010 memorandum decision, the Court did not dismiss the race discrimination claim against Evans. Defendants go on to state that it seems Plaintiff named Evans as a defendant based upon his supervisory authority over Moffett and Hernandez, but § 1983 does not provide for recovery under a respondeat superior theory.

In its initial screening order, the Court – as it must – liberally construed the Complaint, accepted all factual allegations as true, and took those factual allegations in the light most favorable to Plaintiff. (D.I. 10) In its screening order, the Court stated, "Plaintiff has alleged what appear to be cognizable and non-frivolous equal protection/race discrimination claims." (D.I. 10 at 3 n.4) The standards applied during the initial screening of Plaintiff's prisoner complaint are virtually identical to those of a Rule 12(b)(6) motion. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Other than to amend the complaint to add new claims, the equal protection/race discrimination claims have not changed since the initial screening.[4] Nor does it appear that Evans was named as a defendant based upon his supervisory position; rather the allegations concern his attendance at a disciplinary hearing.

---

[4]The Amended Complaint adds a retaliation claim against Evans. (*See* D.I. 29)

4

The Court reiterates its determination that Plaintiff has alleged what appear to be cognizable and non-frivolous equal protection/race discrimination claims.[5] Therefore, the Court will dismiss the Motion to Dismiss for failure to state a claim.

### D. Qualified Immunity

Defendants move for dismissal on the grounds of qualified immunity. They argue that the allegations fail to establish they violated Plaintiff's constitutional rights and, even if they did, no fact-specific case law exists to put them on notice that their acts violated Plaintiff's constitutional rights.

When analyzing qualified immunity, the two-step test set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), while not mandatory, is often appropriate. *See Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818 (2009). Pursuant to *Saucier*, the court first examines whether or not the alleged conduct, taken in the light most favorable to Plaintiff, violated a constitutional right. *See Saucier*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* If the allegations amount to the violation of a constitutional right, the court proceeds to the second inquiry and determine if the right was "clearly established in the specific context of the case." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004); *see also Saucier*, 533 U.S. at 202 (noting that officer is entitled to qualified immunity unless "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"). Courts have discretion to decide

---

[5]With respect to the claims against Moffett and Hernandez, Defendants argue that the allegations lack factual content to plausibly support Plaintiff's claims. Given the standards applicable to a motion to dismiss, the Court will not grant dismissal on this basis at this time.

5

which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *See Pearson*, 129 S.Ct. at 818.

In the case at bar, it remains an issue as to whether Defendants violated Plaintiff's constitutional rights. However, it is well-established that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Motion to Dismiss based upon qualified immunity is premature. Therefore, the Court will deny without prejudice to renew, the Motion to Dismiss based upon qualified immunity.

### E. Service of Process

Because Defendants were not served until 128 days after the Court's June 21, 2010 Order, Defendants move for dismissal for failure to timely effectuate service of process.

Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005); *see also MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

As Defendants are aware, Plaintiff proceeds *in forma pauperis* and, therefore, must rely upon the Court to issue a service order and the United States Marshals Service to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where plaintiff is proceeding in *forma pauperis*, "the officers of the court shall issue and serve all process, and

perform all duties in such cases"). Plaintiff had nothing to do with any delay in service. Indeed, he timely complied with all court orders and deadlines. Dismissal for failure to timely serve is not appropriate. Therefore, the Court will deny Defendants' Motion to Dismiss on the basis of untimely service.

## IV. <u>CONCLUSION</u>

For the above reasons, the court will grant in part and deny in part the Motion to Dismiss. (D.I. 28)

An appropriate Order follows.