IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VINCENT D. ALLEN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 09-938-LPS |
| AARON PRINCE, et al., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2012, having considered Plaintiff's pending motions (D.I. 46, 47);

IT IS HEREBY ORDERED that:

1. **Background.** Plaintiff Vincent D. Allen ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4)

2. **Parole Board Hearing.** Plaintiff asks the Court to order the Delaware Board of Parole ("Parole Board") to forward to him the transcript of a parole revocation hearing that took place on August 10, 2010. While Plaintiff believes that the transcripts were disposed of illegally and/or improperly, he asks the Court to issue an order to secure any and all transcripts to him, as well as a copy of the proceedings.

3. The Parole Board is not a party to this action. Therefore, in order to procure the requested discovery it is necessary that Plaintiff seek it as set forth in the Federal Rules of Civil

1

Procedure. Federal Rule of Civil Procedure 45 governs discovery-related subpoenas. Plaintiff was given leave to proceed *in forma pauperis* but, generally, litigants must bear their own discovery costs. *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1999); *Badman v. Stark*, 139 F.R.D. 601, 606 (M.D. Pa. 1991) (§ 1915 does not require government to advance funds for deposition expenses). A district court also may not waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a) to effect service of subpoenas. *See Canady v. Kreider*, 892 F.Supp. 668, 670 (M.D. Pa.1995). Nor may an inmate proceeding *in forma pauperis* in a civil action issue subpoenas without paying the required fees. *See Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991) (stating witness and mileage fees required to be paid by indigent plaintiff).

4. Even if Plaintiff only seeks to have the Parole Board turn over the requested transcript and/or documents, and does not command the appearance of a representative at a formal deposition, the question of fees and costs remains. The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in complying with a subpoena duces tecum. Plaintiff has not demonstrated his ability to pay for any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage. Therefore, the Motion is DENIED without prejudice. (D.I. 46) The Court will reconsider the issue upon a showing of Plaintiff's ability to pay for the costs of issuance of the requested subpoena.

5. **Requests for Counsel.** Plaintiff's Requests for Counsel are DENIED without prejudice to renew. (D.I. 46, 47) Plaintiff has previously moved for, and the Court has denied,

requests for appointment of counsel. (*See* D.I. 14) Plaintiff seeks counsel on the grounds that he is unable to afford counsel, and he needs assistance with discovery and trial preparation.

6. Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting ... from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Finally, nothing has

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant); *Tabron*, 6 F.3d at 153 (stating there is no right to counsel in a civil suit).

changed since the Court last denied Plaintiff's request for counsel on July 13, 2010. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Requests for Counsel. (D.I. 46, 47)

                                                     UNITED STATES DISTRICT JUDGE