IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VINCENT D. ALLEN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 09-938-LPS |
| AARON PRINCE, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this 28th day of February, 2013, having considered the pending motions (D.I. 54, 63, 65, 68, 69, 70, 73, 76),

IT IS HEREBY ORDERED that:

1. **Background.** Plaintiff Vincent D. Allen ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court screened the complaint and amendments and the case proceeds on the pleadings found at Docket Items 2, 21, and 31, with equal protection/race discrimination claims against Defendants Deputy Warden Evans, Lt. Moffett, and Sgt. Hernandez and with retaliation claims against Defendants Aaron Prince, Deputy Warden Evans, Bruce Williamson, and Abdull Salaam.

2. The Court imposed the following deadlines: (1) all motions to join other parties and amend the pleadings to be filed on or before March 15, 2012; (2) all discovery initiated in order that it could be completed on or before August 15, 2012; (3) all summary judgment

1

motions and an opening brief and affidavits, if any, in support of the motion to be served and filed on or before December 7, 2012, with answering briefs and affidavits, if any, be filed on or before January 7, 2013, and reply briefs filed on or before January 21, 2013. (*See* D.I. 52, 60)

3.  **Motion to Take Deposition.** Defendants' Motion for Leave to Depose Incarcerated Plaintiff is GRANTED. (D.I. 54) Plaintiff was deposed on July 23, 2012. The Court grants leave to depose retroactively. Plaintiff also seeks injunctive relief (D.I. 65), apparently to continue the taking of his deposition, until such time as he is provided counsel. The motion is DENIED AS MOOT. (D.I. 65) As noted, Plaintiff was deposed on July 23, 2012.

4.  **Motion to Amend.** Plaintiff's Motion to Amend Complaint (D.I. 63) is DENIED. Plaintiff seeks to amend to include past and present members of the Delaware Board of Parole. His motion makes no reference to any other aspect of the proposed amendment. Defendants oppose the motion on the grounds that Plaintiff has already amended the complaint twice, and he seeks amendment after the expiration of the deadline to do so. In addition, Defendants argue they would be severely prejudiced should the Court allow amendment at this late date.

5.  Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it; or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that a court should freely grant leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921

F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

6. Plaintiff proposes to add new defendants but does not indicate the type of claims he seeks to raise against them. The Court is not inclined to grant leave to amend when it is not apprised of the proposed amendment. In addition, the Court agrees with Defendants that prejudice may result if Plaintiff were permitted amendment at this late date.

7. **Requests for Counsel.** Plaintiff's Requests for Counsel are DENIED without prejudice to renew. (D.I. 63, 65, 76) Plaintiff seeks temporary counsel to assist him in amending his complaint (D.I. 63), accompany him to his deposition (D.I. 65), and assist in responding to a pending motion summary judgment (D.I. 76). In addition, Plaintiff states that he is unable to defend himself and has no legal training.

8. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011);

*Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).[1] Representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

9. After reviewing Plaintiff's requests, the Court concludes that the case is not so factually or legally complex that representation by an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Finally, should the need for counsel arise later, the issue can be addressed at that time.

10. **Discovery.** Plaintiff's Motion for Discovery (D.I. 68) and Motion for Addendum to Motion for Discovery (D.I. 69) are DENIED AS MOOT. It was unnecessary for Plaintiff to file motions for discovery with the Court. Moreover, Defendants have responded to Plaintiff's discovery requests. (*See* D.I. 71)

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

4

11. **Motions for Default Judgment.** Plaintiff's Motions for Default Judgment of Defendant Aaron Prince (D.I. 70, 73) are DENIED without prejudice as premature. Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order. *See id.* at Rule 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). There is no indication in the record that, to date, Plaintiff has requested that the Clerk of Court enter the default of Defendant Aaron Prince.

_____
UNITED STATES DISTRICT JUDGE